IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHAEL MARTINEZ,

        Plaintiff,

      v.                                        Civ. No. 19-980 SCY

KILOLO KIJAKAZI,
Acting Commissioner of
Social Security,[1]

        Defendant.

## ORDER GRANTING IN PART MOTION FOR ATTORNEY FEES

**THIS MATTER** comes before the Court on Plaintiff's Motion For Order Authorizing Attorney Fees Pursuant To 42 U.S.C. § 406(b) And Supporting Memorandum, filed September 15, 2021. Doc. 28. The Commissioner indicates she is not a party to § 406(b) fee awards and takes no position on this petition. *Id.* at 2; *see Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002) (the Commissioner "has no direct financial stake in the answer to the § 406(b) question; instead, she plays a part in the fee determination resembling that of a trustee for the claimants"). Having considered the Motion and the relevant law, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion.

## BACKGROUND

Michael Martinez instituted an action in this Court seeking judicial review of his denied disability claim. Doc. 1. By Memorandum Opinion and Order, the Court reversed and remanded to the Social Security Administration for a rehearing. Docs. 22 & 23. Counsel requested and was

---

[1] Kilolo Kijakazi was appointed the acting Commissioner of the Social Security Administration on July 9, 2021, and is automatically substituted as a party pursuant to Federal Rule of Civil Procedure 25(d).

awarded EAJA fees. Docs. 24 & 25. Counsel represents this amount was subject to an offset and no EAJA fees were received. Doc. 28 at 2. On May 21, 2021, an Administrative Law Judge ("ALJ") issued a final administrative decision, which was fully favorable to Mr. Martinez. Doc. 28-1 at 1-8. On September 1, 2021, the Agency sent a Notice of Award calculating Mr. Martinez's past-due benefit amounts. *Id.* at 11-16. The Agency advised that $35,014 was being withheld from his past-due benefits for attorney's fees. *Id.* at 13.

Mr. Martinez's attorneys, Michael Armstrong Law Office, LLC, now seek $29,014 in attorneys' fees pursuant to 42 U.S.C. § 406(b)(1), and argue that this is within the 25% of past-due benefits statutorily authorized for attorneys' fees for representation in court proceedings, represents a fair fee, and is justified by the time expended on this case, the result achieved, and the skill of the attorneys. Doc. 28.

## **LEGAL STANDARD**

Attorneys' fees may be deducted from a successful social security claimant's award of past-due benefits. Separate subsections of 42 U.S.C. § 406 authorize fee awards for representation before the Agency and in court, allowing attorneys to receive fees for their work in both settings. *See* 42 U.S.C. § 406(a), (b).

For representation in the administrative proceedings, the statute permits an attorney to file a fee petition or a fee agreement with the agency "whenever the Commissioner . . . makes a determination favorable to the claimant." 42 U.S.C. § 406(a). Attorneys may currently receive a maximum award of the lesser of $6,000 or 25% of the past-due benefits. 42 U.S.C. § 406(a)(2)(A); *see Gisbrecht*, 535 U.S. at 794 (explaining the fee petition process).[2]

---

[2] Although the statute initially set a maximum amount of $4,000, it also gave the Commissioner the authority to increase this amount. 42 U.S.C. § 406(a)(2)(A). Effective June 22, 2009, the

For representation in court proceedings, courts may award fees under § 406(b) when, as in this case, "the court remands a . . . case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits." *McGraw v. Barnhart*, 450 F.3d 493, 496 (10th Cir. 2006). The statute limits a fee award for representation before a court to 25% of the claimant's past-due benefits. 42 U.S.C. § 406(b)(1)(A). Separate awards of attorney fees for representation before the Agency and in court—for example, fees pursuant to § 406(b) or the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412—are not limited to an aggregate of 25% of past-due benefits. *Wrenn v. Astrue*, 525 F.3d 931, 936-38 (10th Cir. 2008). However, if fees are awarded under both EAJA and § 406(b), the attorney must refund the lesser award to the claimant. *McGraw*, 450 F.3d at 497 n.2 (10th Cir. 2006). If the available agency withholding is less than the amount awarded to counsel under § 406(b), counsel must look to the claimant rather than the agency to recover the difference. See *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 933 (10th Cir. 2008).

While § 406(b) permits contingency fee agreements, it requires the reviewing court to act as "an independent check" to ensure that fees awarded pursuant to such agreements are reasonable. *Gisbrecht*, 535 U.S. at 807. Fee agreements are flatly unenforceable to the extent that they provide for fees exceeding 25% of past-due benefits, but fees may be unreasonable even if they fall below this number, and there is no presumption that fees equating to 25% of past-due benefits are reasonable. *Id*. at 807 n.17. The attorney seeking fees bears the burden of demonstrating the reasonableness of the fee. *Id.* at 807.

Section 406(b) "does not displace contingent-fee agreements within the statutory ceiling;

---

Commissioner increased the maximum amount to $6,000. Maximum Dollar Limit in the Fee Agreement Process, 74 Fed. Reg. 6080 (Feb. 4, 2009).

3

instead § 406(b) instructs courts to review for reasonable fees yielded by those agreements." *Id*. at 808-09. In other words, § 406(b) does not prohibit contingency fee agreements, but it renders them unenforceable to the extent that they provide for fees exceeding 25% of the past-due benefits. *Id.* at 807. Additionally, § 406(b) requires the court to act as "an independent check" to ensure that fees are reasonable even if less than 25% of the past-due benefits, because there is no presumption that 25% is reasonable. *Id.* at 807 n.17.

Counsel bears the burden of demonstrating the reasonableness of the fees. *Id*. at 807. The reasonableness determination is "based on the character of the representation and the results the representative achieved." *Id*. at 808. Factors relevant to the reasonableness of the fee request include: (1) whether the attorney's representation was substandard; (2) whether the attorney was responsible for any delay in resolution of the case; and (3) whether the contingency fee is disproportionately large in comparison to the amount of time spent on the case. *Id.* A court may require the claimant's attorney to submit a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing rate for noncontingent-fee cases. *Id.*

The statute does not contain a time limit for fee requests. However, the Tenth Circuit has held that a request "should be filed within a reasonable time of the Commissioner's decision awarding benefits." *McGraw*, 450 F.3d at 505.

## **REASONBLENESS DETERMINATION**

I do not find that counsel's fee request is reasonable. Some factors weigh in favor of the request and others weigh against it. First, although counsel does not specifically address the issue of timeliness, the Court finds that counsel filed the fee request within a reasonable time, fourteen days after the Notice of Award. There is no evidence that counsel delayed in the proceedings before this Court. Further, counsel's representation was more than adequate and yielded a fully

4

favorable decision from the agency. On the other hand, counsel represents she spent 33.4 hours on Mr. Martinez's case in federal court, which translates into an hourly rate of $868.68 if the requested fee were awarded. Doc. 27 at 4.

In *Cole v. Berryhill*, I stated that a rate of $500 per hour would be more reasonable and consistent with previous awards both by this Court and other decisions in this District. Doc. 40, No. 14cv1167 SCY (order dated October 20, 2017). The cost of legal services has certainly gone up since 2017 and so should the amount of a reasonable fee. However, I am not willing to award the requested fee. I find that, given the scope of the work done in this Court, a fee of $550 per hour, for a total of $18,370, is appropriate.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion is GRANTED IN PART and DENIED IN PART. The Court hereby authorizes $18,370 in attorney fees for legal services rendered in the United States District Court, payable to Michael Armstrong Law Office, LLC, to be paid from the claimant's past-due benefits. Counsel must refund to Plaintiff any EAJA fees that were not previously garnished under the Treasury Offset Program.

_____
**STEVEN C. YARBROUGH**
**United States Magistrate Judge**
**Presiding by consent**